IN THE UNITED STATES DISTRICT COURT   FILED
FOR THE NORTHERN DISTRICT OF ALABAMA   01 SEP 26 PM 3:14
SOUTHERN DIVISION

U.S. DISTRICT COURT
N.D. OF ALABAMA

HARLEYSVILLE MUTUAL
INSURANCE COMPANY,

    Plaintiff,

vs.                      CASE NO. CV-00-J-3315-S

AMERICAN PROTECTION
INSURANCE COMPANY,

    Defendant.                ENTERED
                                  SEP 2 6 2001

## MEMORANDUM OPINION

Currently pending before the court are cross-motions for summary judgment (docs. 17 and 21), evidentiary submissions and memoranda of law filed by the parties.

### I. Factual Background

This is a claim for declaratory judgment regarding an insurance policy. The dispute arises from a state court wrongful death suit, the facts of which are not in dispute:

Decedent Evodio Sanchez ("Sanchez") was employed by J & J Masonry ("J & J"). Amended Complaint at ¶ 7. Shimizu Corporation was the general contractor on a project and hired J & J to construct a wall. *Id* at ¶ 6. Sanchez was killed when the wall J & J constructed fell on him. *Id.* at ¶¶ 5, 6. Sanchez's estate thereafter filed a wrongful death case. J & J and Shimizu were both named as defendants. *Id* at ¶ 5. Plaintiff here, Harleysville Mutual Insurance Company, participated in the state court action as the general liability insurer of J & J. *Id* at ¶ 9; plaintiff's memorandum at 3. Shimizu cross-claimed against J & J asserting breach of contract, fraud, and contractual indemnity. Defendant's

23

Exhibit B.  Shimizu was an additional insured under the Harleysville policy with respect to liability arising from J & J's subcontract with Shimizu.  Amended Complaint at ¶ 10. Harleysville provided a defense to Shimizu and Posey under a reservation of rights. Plaintiff's memorandum at 2.

That case was settled and Harleysville paid $1,000,000.00 of the total settlement amount.  Amended Complaint at ¶ 8.  That sum was for $10,000.00 in a co-employee claim against Jeff Posey, the principal of J & J, and allegedly $990,000.00 for Shimizu's cross claim against J & J.  Plaintiff's memorandum at 2.  No allegation that Shimizu received $990,000.00 for its cross-claim is asserted by any of the parties.[1]  *See e.g.*, Amended Complaint at ¶ 8 ("Harleysville contributed $1 million toward settlement of the claims **against** Shimizu, J & J Masonry, and one of J & J Masonry's executive officers ..." (emphasis added)).  Plaintiff was clearly obligated to pay sums **on behalf of** Shimizu to the decedent's estate as an insurer of Shimizu.

The plaintiff has filed this action alleging that defendant American Protection Insurance Company (misnamed in the amended complaint as "Kemper") should pay half the

---

[1] In the affidavit submitted by Bobby G. Wall on behalf of the plaintiff, he states that plaintiff paid $990,000.00 in order to "settle the claims against J & J Masonry, including the indemnity cross-claim filed against it by Shimizu."  Affidavit of Wall at ¶ 3.  While this is different from the allegation in the complaint, this court can find no evidence that the plaintiff actually paid any money **to Shimizu** on behalf of J & J.  Similarly, in its memorandum of law, the plaintiff states "Harleysville paid $990,000 in settlement of the claims involving J & J Masonry (including Shimizu's claim for excess coverage as an additional insured as well as its cross-claim for indemnity)."  Plaintiff's memorandum at 8.  Even if the court accepts this as true, no apportionment of the amounts paid has been provided to this court.  Plaintiff does not argue that the defendant must reimburse plaintiff for amounts paid on Shimizu's claim for excess coverage.

amount paid by plaintiff for settlement of the state court case.  The defendant issued a workers' compensation policy to J & J, which also provided employers liability coverage. Amended Complaint at ¶ 11.  The defendant paid amounts due under the workers' compensation policy.

The parties agree that the workers' compensation coverage in the American policy does not provide any coverage under the above circumstances.[2]  Plaintiff's memorandum at 6.  However, the plaintiff argues that Part B of this coverage, the employers liability insurance, provides coverage for damages because of bodily injury to an employee of the insured, including claims by a third party as a result of that injury.  Amended Complaint at ¶ 12.  The defendant argues that the coverage in question is designed to cover the liability of employers for employees who are injured in the course of employment, but whose injuries are not compensable under the workers' compensation laws.  Defendant's response (doc. 22) at 2.

The policy language in question states:

**PART TWO – EMPLOYERS LIABILITY COVERAGE**

**B.  We Will Pay**

We will pay all sums you legally must pay as damages because of bodily injury to your employees, provided the bodily injury is covered by Employers Liability Insurance.

> 1. For which you are liable to a third party by reason of a claim or suit against you by that third party to recover the damages

---

[2]The defendant has paid all workers' compensation amounts it owed to decedent under its insurance policy with J & J.  Defendant's memorandum at 5.

3

claimed against such third party as a result of injury to your
employee.

Defendant's Exhibit A. The defendant contends this coverage is meant to be a "gap-filler"
for situations when an employee can bring a tort action against the employer despite the
provisions of the workers' compensation laws, or when such employee is not subject to
workers' compensation laws. Defendant's response at 2-3. Further, the defendant states that
the policy it issued to J & J was never meant to be a corporate general liability policy as the
plaintiff is trying to assert. *Id.* at 3.

The plaintiff contends that the cross-claim of Shimizu against J & J is a "claim by a
third-party as a result of that injury" and therefore the defendant has to pay the plaintiff half
of the $990,000.00 it claims to have paid on this claim.[3]  The cross-claim is based on the
subcontract between J & J and Shimizu, in which J & J agreed to indemnify and hold
harmless Shimizu from all claims and damages arising out of its work. The defendant argues
that the policy it issued to J & J clearly excludes "liability assumed under a contract." *See*
Exhibit A to defendant's motion for summary judgment. Thus, the defendant here can have
no liability for the cross-claims for breach of contract. Similarly, the cross-claim for
contractual indemnity would not trigger coverage under the defendant's policy.

_____

[3]The one-half amount comes from language in the policies issued by both plaintiff and
defendant that "If all of the other insurance permits contribution by equal shares, we will follow
this method also...."  Plaintiff's exhibit 1, at ¶ IV.4.c. "Method of Sharing."

4

## II. Standards for Evaluating a Summary Judgment Motion

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.* 477 U.S. at 322-23. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issues of material fact. *Id.* at 323. The burden then shifts to the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed.R.Civ.P. 56(e). In meeting this burden the nonmoving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial."

Fed.R.Civ.P. 56(c); *Matsushita*, 475 U.S. at 587, *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

On motions for summary judgment, the court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. See *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).

### III. Legal Analysis

Because this case was submitted to the court on cross-motions for summary judgment, and the court finds that the underlying facts of this case are not in dispute, the court finds that this case may be wholly resolved by ruling on the pending motions.

The plaintiff argues that the defendant's insurance policy should reimburse it for $445,000.00 which is one half of the coverage paid by plaintiff, allegedly on the cross-claims of Shimizu. The court can find no evidence that any amount was paid to Shimizu on its cross-claim and not paid directly to the decedent's estate. Any amounts Shimizu owed for its share of the settlement agreement would be plaintiff's responsibility as plaintiff provided coverage for Shimizu under its policy. Clearly, defendant was not an insurer of Shimizu.

Defendant's policy provided J & J with workers' compensation coverage. Defendant paid amounts it owed pursuant to this coverage. Because of this, decedent's estate in the state court case could not sue J & J for wrongful death. Rather, decedent's estate had to proceed against third parties or co-employees to recover for wrongful death. *See e.g.*

*Braxton v. Dixie Electrical Cooperative, Inc.*, 409 So.2d 822, 826 (Ala.1982); §25-5-11, Alabama Code, 1975.  Therefore, any liability that J & J had to Shimizu on the cross-claim necessarily arose pursuant to the contract between those parties and not from the wrongful death suit.

The policy of insurance issued by defendant to J & J states:

**PART TWO – EMPLOYERS LIABILITY INSURANCE**

**C. Exclusions**

This insurance does not cover:

1.  Liability assumed under a contract.  This exclusion does not apply to a warranty that your work will be done in a workmanlike manner....

Defendant's Exhibit A.  While Shimizu could clearly seek enforcement of the contractual indemnity agreement it entered with J & J, this defendant had no obligation to defend J & J against such action.[4]  *See McInnis Corporation v. Nichols Concrete Construction*, 733 So.2d 418, 420 (Ala.Civ.App.1998).   Thus, while plaintiff is correct in its argument that Alabama courts will enforce an express indemnity agreement despite the exclusivity provisions in the Alabama Workers' Compensation Act[5], that is not the issue here. Contractual liability is specifically excluded from the policy defendant issued to J & J.  As

---

[4]Plaintiff makes a cursory argument that "in any event, Kemper's (sic) exclusion C1 does not apply to a claim for breach of warranty which is one of the claims asserted by Shimizu against J & J Masonry in the cross-claim."  Plaintiff's memorandum at 7.  No argument that the plaintiff paid any amount on the settlement of this cross-claim is made.

[5]*See e.g., Goodyear Tire & Rubber Co. v. J.M. Tull Metals Co.*, 629 So.2d 633 (Ala.1993).  Of course, the plaintiff's reliance on an "express indemnity agreement" only highlights the fact that this agreement was pursuant to the contract between Shimizu and J & J.

such, even if plaintiff paid some sum of money on behalf of J & J (its insured) to Shimizu (also its insured), based on the indemnity agreement, defendant has no obligation to reimburse plaintiff for these amounts.

### IV. Conclusion

The court having considered the arguments of the parties, the facts of this case and the relevant law, the court finds that the defendant has no obligation to reimburse the plaintiff under the policy of insurance issued by defendant to J & J.  The court therefore **DENIES** the plaintiff's motion for summary judgment. The court **GRANTS** the defendant's motion for summary judgment against the plaintiff.  This case is **DISMISSED WITH PREJUDICE**.  Each party is to bear its own costs.

**DONE** and **ORDERED** this the ___*26*___ day of September, 2001.


INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE